Gholson, J.
The single question presented by the record is as to the legality of the imprisonment of the plaintiff in error. He was tried and sentenced to imprisonment by the mayor of the incorporated village of Ashland. Could the mayor legally try, and sentence to imprisonment, a violator of an ordinance of the incorporated village ?
By an amendment of section 36 of the “act to provide for the organization of cities and incorporated villages,” it was provided that in addition to the fines and penalties which had been specified in the section, “any municipal corporation may provide for a further penalty of imprisonment for any term not exceeding thirty days; and for keeping persons convicted at hard labor during their term of imprisonment, at such place or places as may be determined by the city council.” (2 S. and C. Stat. 1507.) But in giving this power to municipal corporations, it appears to have been overlooked that some of them did not possess the means requisite to make the grant of power effectual. As to cities of the first class, their police courts afforded the requisite means. As to cities of the second class, such means appear to be provided by the amendment of section (¡8 of the act to provide for the organization *127 of cities and incorporated villages, first made in 1856, and re-enacted 24th of March, 186’0. (2 S. and C. Stat. 1516— 4 Curwen, 8429.) This amendment substantially constitutes the mayor of a city of the second class, a court for the trial of offenses against the ordinances of the city, and provides for summoning and impanneling a jury. But as to incorporated villages no change has yet been made in the mode of prosecuting offenses against ordinances, from that provided in the original act, except in the description of cases in which an arrest upon view may be made. (2 S. and 0. Stat. 1511.)
Section 35 of the original act, to which reference has been made, authorizes the enforcement of by-laws and ordinances-by the imposition of fines, forfeitures and penalties, and gives power to provide “ for the prosecution, recovery and collection of such fines, penalties or forfeitures.”
Section 37 provides that fines, penalties and forfeitures-may, in all cases, and in addition to any other mode provided, be recovered by suit or action before any justice of the peace, or other court of competent jurisdiction.” (2 S. and C. Stat 1507.)
It being evident, that a suit or action commenced by the-issuing and service of process would prove, in many instances,, an inefficient mode for the collection of fines, section 54 provided for an immediate arrest upon view of the violators of ordinances of a particular description. It was also provided that as a means of enforcing the collection of a fine, the offender might be imprisoned until the fine and costs were paid, or until there was a discharge by due course of law. An arrest under this section was sustained in White v. Kent, 11 Ohio St. Rep. 550.
By reference to section 56 of the original act, it will be seen that the power to impose imprisonment as a punishment, was in certain cases conferred on the council of cities, which-furnishes an argument of exclusion against those of incorporated villages.
Such being the powers of an incorporated village to impose fines, penalties and forfeitures and enforce their collection,. *128 we come to section 51 of the original act, which defines the powers and jurisdiction of the mayor of an incorporated village. That section has been held to constitute the mayor a •court, inferior to the supreme court, within the meaning of the constitution. Steamboat Northern Indiana v. Milliken, 7 Ohio St. Rep. 383. In consequence of this decision, it, together with section 68, was re-enacted in 1860. The provisions of that section vest in the mayor the powers and jurisdiction of a justice of the peace. It also provides, that “ the said mayor shall perform all duties required of him by the laws and ordinances of the corporation, and appeals may be taken in the same manner, as from decisions of justices of the peace.” It might be argued that, from the general power to provide for the prosecution, recovery and collection of fines, forfeitures and penalties, conferred by section 35, and the direction to the mayor to perform the duties required of him by the laws and ordinances, the mayor of the incorporated village of Ashland is acting under a mode of procedure provided by the council of the village. But we think it is evident that the language of the different sections limits any such mode of procedure to the collection and recovery of fines, forfeitures and penalties, and does not contemplate the •establishment of a tribunal competent to punish by imprisonment. Erom the decisions of the mayor an- appeal is given as from decisions of justices. Upon examining the manner •of such appeals it evidently contemplates only cases where the payment of money has been adjudged, and has no reference to the re-trial of an offender on whom the sentence of •imprisonment has been imposed.
The citizens of a.municipal corporation are under a sort of implied obligation to each other in reference to matters within the sphere of municipal government. To a certain • extent that obligation has given character to the proceedings to enforce the payment of fines and penalties. But when the violation of such an obligation is followed by imprisonment as a punishment, and not as the result of a process of collection, either original or final, it becomes more strictly in the *129 nature of a criminal offense, and the rules which govern criminal procedure in like cases must apply.
The constitution, in the second section of the bill of rights, provides that “ the right of trial by jury shall be inviolate,” and in the tenth section, that “ in any trial, in. any court, the party accused'shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district, in which the offense is alleged to have been committed.” In view of these provisions, it would be a grave question whether the legislature could create a new offense to be punished by imprisonment, and provide that the trial for such offense should be before a single judge, without a jury. A power which the legislature itself could not exercise, very certainly can not be delegated to a municipal corporation.
But it is not necessary to pursue this inquiry, as we are satisfied that the legislature never intended that the mayor of an incorporated village should try a person charged with an offense punishable by imprisonment, and impose the sentence of imprisonment. This is clearly shown by the course of legislation.as to the mayors of cities of the second class. In prosecutions before them for violations of city ordinances, express provision is made as to the summoning and impanneling of juries and their compensation. There is no such provision as to mayors of incorporated villages.
There are acts authorizing mayors and justices of the peace to sentence persons to imprisonment, upon a plea of guilty, and where a trial by jury is waived. 1 S. & C. Stat. 822— 823. It may be questioned whether these statutes can be construed to extend to violations of the ordinances of cities and villages. If they could, the conviction in the present case coxild not be sustained. The steps requisite to show the power to imprison for an alleged offense, without a trial by jury, do not appear. It is not shown that there was a waiver of the right of trial by jury. Indeed, so far from this being *130 ■the case, the record of conviction shows that a trial by jury was demanded, and refused.
In reaching the conclusion, that the mayors of incorporated villages can not try and sentence a person to imprisonment for the violation of an ordinance, we are aware that a portion of the 35th section of the municipal corporation act, so far as it applies to such villages, may become inoperative until further legislation. The governing all cities and villages under one general law, was a new experiment, supposed to be required by the present constitution. It was to be expected that in the working of the experiment, omissions, if not mistakes, would be discovered, to be corrected from time to time by additional legislation, and the addition of a new feature in one part of the system would quite probably leave some other part defective. It will be a.work of care and time to perfect an orderly and harmonious system.
Judgment of the common pleas reversed.
Scott, C. J., and Sutliee, Peck and Brtnkerhoee, J J., concurred.